UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 21 2009
Clerk, U.S. District and Bankruptcy Courts

| | |
|---|---|
| Lawrence Howard, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09 0959 |
| ) | |
| LaToya Monique Wright, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a District of Columbia resident-landlord, sues his tenant for alleged fraudulent acts and acts harmful to other tenants.[1] The complaint neither presents a federal question nor provides a basis for diversity jurisdiction because the parties are not of diverse citizenship.

---

[1] Plaintiff invokes provisions of the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, but he has not established his standing to sue under the Act. *See* 42 U.S.C. § 3602(i) (defining "aggrieved person" as one who "claims to have been injured by a discriminatory housing practice" or "believes" that he will be so injured).

Accordingly, the complaint will be dismissed.[2] A separate Order accompanies this Memorandum Opinion.

Date: May 7, 2009

/s/ Rosemary M. Collyer
United States District Judge

---

[2] Presumably, plaintiff may seek redress in the Superior Court of the District of Columbia.